Matthew Mellen (Bar No. 233350)
Sarah Adelaars (Bar No. 281748)
MELLEN LAW FIRM
411 Borel Ave., Suite 230
San Mateo, CA 94402
Telephone: (650) 638-0120
Facsimile: (650) 638-0125

Attorneys for Plaintiffs
SUSANNA MARDJUKI
ROBERT MARDJUKI

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANNA MARDJUKI, an individual; ROBERT MARDJUKI, an individual, <br><br>Plaintiffs, <br><br>vs. <br><br>OCWEN LOAN SERVICING, LLC, a business entity; and DOES 1-100, inclusive, <br><br>Defendants. | CASE NO. <br><br>**PLAINTIFFS' COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR:** <br><br>Violation of 12 U.S.C. § 2605 <br><br>**DEMAND FOR JURY TRIAL** |

## **PRELIMINARY ALLEGATIONS**

1.    In the present case, Plaintiffs sent Defendant, via certified mail, a Qualified Written Request ("QWR"), as defined by 12 USC § 2605(e)(1)(B) on or around February 1, 2014. The Qualified Written Request was received by Defendant on February 7, 2014, however, Defendant failed to send Plaintiffs notice of receipt of the QWR and, in fact, failed to respond to Plaintiffs' QWR at all. Consequently, during this time, Defendant continued to report Plaintiffs' account as delinquent to consumer reporting agencies, in violation of 12 USC § 2605(e)(3) which resulted in actual damage to Plaintiffs' credit history. This lawsuit follows.

## JURISDICTION AND VENUE

2. This is an action asserting violations of Federal Law, specifically 12 U.S.C. § 2605. These claims all arise out of the same controversy and sequence of events. Plaintiffs are homeowners who bring this action as a result of Defendant's unlawful conduct concerning a Qualified Written Request concerning the residential mortgage secured by the real property located at 127 Coralflower Lane, San Ramon, California, 94582. Therefore, venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the City of San Ramon and County of Alameda. Therefore, venue is proper in the Northern District Court of California.

3. This court has personal jurisdiction over the parties as all Defendants engage in business within the State of California. Defendant's business involves providing mortgage loans and related services to consumers in the State of California.

## PARTIES

4. As used herein, the term "Plaintiffs" includes SUSANNA MARDJUKI and ROBERT MARDJUKI, who live in the property located at 8275 Moller Ranch Drive, Pleasanton, California, 94588. Plaintiffs also owns the property located at 127 Coralflower Lane, San Ramon, California, 94582.

5. At all times relevant herein, Plaintiffs are informed and believe and thereon allege that OCWEN LOAN SERVICING, LLC (hereinafter "OCWEN") is a diversified financial marketing and/or services company that is currently the servicer of Plaintiffs' loan on the property located at 127 Coralflower Lane, San Ramon, California, 94583. Plaintiffs are informed and believe and thereon allege that OCWEN regularly conducts business in the state of California.

6. Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 100, inclusive, and Plaintiffs will amend this complaint to allege such names and capacities as soon as they are ascertained. Each of said fictitiously named Defendant is responsible in some manner for the wrongful acts for which Plaintiffs have complained herein.

**AGENCY ALLEGATIONS**

7.      Each of the Defendants herein was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venture of each of the remaining Defendants, and was acting in concert with each remaining Defendant in doing the things herein alleged, and, additionally has inherited any violations and/or the liability of their predecessors-in-interest, and has also passed on liability to their successors-in-interest, and at all times, was acting within the course and scope of such agency, employment, partnership, and/or concert of action.  Defendants also engaged in a civil conspiracy whereby they secreted the nature of the misdeeds alleged herein.

**STATEMENT OF FACTS**

8.      Plaintiffs refinanced the property commonly known as 127 Coralflower Lane, San Ramon, California, 94582 (hereafter the "Property") and financed the purchase of these properties through IndyMac Bank, executing Deeds of Trust in favor of IndyMac.  In or around March 2009, IndyMac filed for bankruptcy, and OneWest purchased a substantial amount of IndyMac's assets, including their mortgage loans, including the loan secured by the Property.  On or around February 1, 2014, OneWest transferred the servicing rights of the loan secured by the Property to Defendant OCWEN which included the right for OCWEN to accept payments from Plaintiffs on the loan.  Therefore, as of February 1, 2014, OCWEN was the servicer of Plaintiffs' loan.

9.      On February 1, 2014, the date that OCWEN became the servicer of Plaintiffs' loan, Plaintiffs sent OCWEN a written correspondence via certified mail through the United States Postal Service.  In the written correspondence, Plaintiffs included information to enable OCWEN to identify the borrower.  Specifically, the written correspondence included the property address, the loan number for the loan being serviced by OCWEN and the name of one of the borrowers, Plaintiff Susanna Mardjuki.

10.     The written correspondence was identified, in the first paragraph, "as a 'qualified written request' under the Federal Servicer Act, which is a part of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)."  Thereafter, the letter included three reasons that the borrower believed that the account was in error and requested numerous specific details regarding the

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

information sought by Plaintiffs including, but not limited to, "[a] complete history of [Plaintiffs'] account and payments thereto…[a] complete and itemized statement of all advances or charges against this account, [and] complete and itemized statement of any late charges added to this account."

11. On or around February 7, 2014 at approximately 6:25 a.m., the United States Postal Service confirmed that the letter had been delivered to OCWEN.

12. As of March 21, 2014, Plaintiffs have not received any response from OCWEN regarding receipt of the correspondence or action with respect to Plaintiffs' inquiry.

13. Further, on or around February 24, 2014, OCWEN reported to several consumer reporting agencies including, but not limited to, TransUnion, that Plaintiffs' account was "past due." The negative report had the effect of lowering Plaintiffs' credit score thus, causing actual damage to Plaintiffs, according to proof at trial.

14. This lawsuit follows.

**FIRST CAUSE OF ACTION**
**Violation of 12 U.S.C. § 2605**

15. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

16. Pursuant to 12 U.S.C. § 2605(e)(1)(A), a "servicer shall provide a written response acknowledging receipt of the [qualified written request] within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period." A "qualified written request" is a "written correspondence…that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 USC § 2605(e)(1)(B).

17. On February 1, 2014, Ocwen became the servicer of Plaintiffs' loan. On that same day, Plaintiffs sent OCWEN a written correspondence via certified mail which included information to enable OCWEN to identify the borrower. The written correspondence was identified, in the first

4

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

paragraph, "as a 'qualified written request' under the Federal Servicer Act, which is a part of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(e)." Thereafter, the letter included three reasons that the borrower believed that the account was in error and requested numerous specific details regarding the information sought by Plaintiffs including, but not limited to, "[a] complete history of [Plaintiffs'] account and payments thereto…[a] complete and itemized statement of all advances or charges against this account, [and] complete and itemized statement of any late charges added to this account."

18. The United States Postal Service confirmed that the written correspondence was received by Ocwen on February 7, 2014. Therefore, pursuant to 12 USC § 2605(e)(1)(A), Ocwen was required to provide Plaintiffs a written response acknowledging the receipt of the correspondence by no later than February 18, 2014. However, as of March 21, 2014, Plaintiffs have not received any response from Ocwen regarding receipt of the correspondence.

19. Further, 12 U.S.C. § 2605(e)(3) provides that "[d]uring the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment…to any consumer reporting agency."

20. Therefore, Ocwen was barred from providing any information regarding any perceived overdue payments by Plaintiffs to any consumer reporting agency between February 7, 2014 and April 8, 2014. However, on February 24, 2014, OCWEN reported to several consumer reporting agencies including, but not limited to, TransUnion, that Plaintiffs' account was "past due." The negative report had the effect of lowering Plaintiffs' credit score thus, causing actual damage to Plaintiffs, according to proof at trial.

21. As a result of Defendant's conduct, Plaintiffs have suffered actual damages including, but not limited to, damage to their credit. Further, Plaintiffs are entitled to attorneys' fees and costs. Plaintiffs are entitled to receive $5,000.00 per instance where Defendant recorded a confidential conversation, without the other parties' knowledge or consent.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## **DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs demand a trial by jury. Plaintiffs pray for a judgment and order against Defendant, as follows:

1. That judgment is entered in their favor and against Defendant, and each of them;
2. For damages, disgorgement, and injunctive relief;
3. For compensatory and statutory damages, attorneys' fees, and costs according to proof at trial;
4. For such other and further relief as the Court may deem just and proper.

DATED: March 21, 2014                          Respectfully submitted,

                                                 MELLEN LAW FIRM

                                                 */s/ Sarah Adelaars*
                                                 Sarah Adelaars
                                                 Attorney for Plaintiff
                                                 SUSANNA MARDJUKI
                                                 ROBERT MARDJUKI

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF